**Jaime TORRES; Dilia Margarita
Beltran Landeros,
Petitioners,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–71727.

United States Court of Appeals,
Ninth Circuit.

Submitted July 11, 2005.*

Decided July 15, 2005.

Areg Kazaryan, Law Office of Areg Kazaryan, Los Angeles, CA, for Petitioners.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Joshua E. Braunstein, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

### MEMORANDUM **

Jaime Torres and his wife Dilia Margarita Beltran Landeros ("Petitioners"), natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen removal proceedings to permit them to renew their application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir.2003), and we deny the petition for review.

The BIA did not abuse its discretion in denying reopening because Petitioners failed to establish their prima facie eligibility for cancellation of removal. *See* 8 C.F.R. § 1003.2(c)(1) (providing that a motion to reopen "shall be supported by affidavits or other evidentiary material"); *Ordonez*, 345 F.3d at 785 (holding that prima facie eligibility is demonstrated by a showing that there is a reasonable likelihood that the statutory requirements for relief have been satisfied); *see also INS v. Wang*, 450 U.S. 139, 143–45, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1980) (per curiam) (upholding BIA's authority to make hardship determinations in context of motions to reopen).

We reject Petitioners' contention that the BIA did not consider the new evidence they submitted because they offer no basis for rebutting the presumption that the BIA reviewed all relevant evidence. *See Larita–Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

